UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| OCTAVIO VASQUEZ *individually and on behalf of others similarly situated,*<br><br>*Plaintiff,*<br><br>-against-<br><br>PIE MASTER, INC. (d/b/a MAMA CARMELA'S) and PAUL BAIO,<br><br>*Defendants.* | 14-CV-3180 (SJ)(JO)<br><br>SETTLEMENT AGREEMENT<br>AND<br><u>**GENERAL RELEASE**</u> |

This Settlement Agreement and General Release of Claims ("Agreement") is entered into by and among Plaintiff OCTAVIO VASQUEZ ("Plaintiff") on the one hand and PIE MASTER, INC. (d/b/a MAMA CARMELA'S), (the "Defendant Corporation") and PAUL BAIO (the "Individual Defendant") (collectively the Defendant Corporation and the Individual Defendant are the "Defendants"), on the other hand.

WHEREAS, Plaintiff alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Eastern District of New York, Civil Action No: 1:14-cv-3100 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff, the gross sum of Sixteen Thousand Seven Hundred and Fifty Dollars ($16,750) (the "Settlement Amount") to be paid to Plaintiff's

attorneys in TEN (10) installments, as follows:

(a) Installment One: A check in the amount of One Thousand Six Hundred and Seventy Five Dollars ($1,675) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff" and delivered to Plaintiff's counsel **upon execution of this Agreement** for immediate deposit. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and their counsel.

(b) Installment Two: A post-dated check in the amount of One Thousand Six Hundred and Seventy Five Dollars ($1,675) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff" and delivered to Plaintiff's counsel **upon execution of this Agreement** for deposit **June 1, 2015**. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and their counsel.

(c) Installment Three: A post-dated check in the amount of One Thousand Six Hundred and Seventy Five Dollars ($1,675) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff" and delivered to Plaintiff's counsel on or before **upon execution of this Agreement** for deposit **July 1, 2015**. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and their counsel.

(d) Installment Four: A post-dated check in the amount of One Thousand Six Hundred and Seventy Five Dollars ($1,675) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff" and delivered to Plaintiff's counsel on or before **upon execution of this Agreement** for deposit **August 1, 2015**. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and their counsel.

(e) Installment Five: A post-dated check in the amount of One Thousand Six Hundred and Seventy Five Dollars ($1,675) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff" and delivered to Plaintiff's counsel on or before **upon execution of this Agreement** for deposit **September 1, 2015**. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and their counsel.

(f) Installment Six: A post-dated check in the amount of One Thousand Six Hundred and Seventy Five Dollars ($1,675) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff" and delivered to Plaintiff's counsel on or before **upon execution of this Agreement** for deposit **October 1, 2015**. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and their counsel.

(g) Installment Seven: Installment Six: A post-dated check in the amount of One Thousand Six Hundred and Seventy Five Dollars ($1,675) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff" and delivered to Plaintiff's counsel on or before **upon execution of this Agreement** for deposit **November 1, 2015**. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and their counsel.

(h) Installment Eight: A post-dated check in the amount of One Thousand Six Hundred and Seventy Five Dollars ($1,675) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff" and delivered to Plaintiff's counsel on or before **upon execution of this**

**Agreement** for deposit **December 1, 2015**. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and their counsel.

(i)     Installment Nine: A post-dated check in the amount of One Thousand Six Hundred and Seventy Five Dollars ($1,675) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff" and delivered to Plaintiff's counsel on or before **upon execution of this Agreement** for deposit **January 1, 2016**. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and their counsel.

(j)     Installment Ten: A post-dated check in the amount of One Thousand Six Hundred and Seventy Five Dollars ($1,675) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff" and delivered to Plaintiff's counsel on or before **upon execution of this Agreement** for deposit **February 1, 2016**. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and their counsel.

(k)     All payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 2020, New York, NY 10165.

2(a).     In the event that the Settlement Amount is not paid by the payment dates set forth in paragraph 1 above, or any check fails to clear (i.e., bounces) on its respective payment date, Plaintiff's counsel shall serve a written notice ("Default Notice") upon Defendant PIE MASTER, INC. (d/b/a MAMA CARMELA'S) at 49-14 30th Avenue, Woodside, New York 11377 and Defendant PAUL BAIO at 49-14 30th Avenue, Woodside, New York 11377 by overnight registered mail, and the Defendants shall have ten (10) days from the date of delivery of the Default Notice to cure the default by making such payment together with any bank penalties incurred by Plaintiff and the costs of providing Defendants notice by registered mail. Any such notice shall be deemed received five days after it is mailed. Upon Defendants' failure to cure a default within ten (10) days of delivery of the Default Notice, counsel for Plaintiff may immediately file the Affidavit of Confession of Judgment, the form of which is appended hereto as Exhibit B.

2(b).     Plaintiff shall be solely responsible for any taxes resulting from payments received under the Agreement. Plaintiff shall indemnify and hold each of the Defendants harmless to the fullest extent permitted by law, including the payment of any damages, penalties, interest, attorneys' fees and/or judgments that may be incurred by Defendants resulting from payments under this Agreement.

3.     <u>Release and Covenant Not To Sue</u>:     Plaintiff hereby irrevocably and unconditionally releases from and forever discharge and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which each Plaintiff at any time has, had, claims or claimed to have against Defendants relating to their employment with Defendants

3

and regarding any events claimed to have occurred as of the Effective Date of this Agreement, including, without limitation, any and all claims related or in any manner incidental to the Litigation, such Plaintiff's employment or termination, or any liability under any contract, tort, federal, state or local fair employment practices or civil rights or any other law, including, but not limited to, the New York State Human Rights Law, New York City Human Rights Law, Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, the Americans With Disabilities Act, the Age Discrimination in Employment Act, Older Workers' Benefit Protection Act, the Employee Retirement Income Security Act, COBRA, the Family and Medical Leave Act, the Fair Labor Standards Act, New York State Labor Law, New York City Labor Law, or any and all common law claims, including claims for wrongful discharge, breach of express or implied contract, breach of an implied covenant of good faith and fair dealing, violation of public policy, defamation or misrepresentation, or any claim for attorneys fees, physical or emotional distress or injuries, punitive damages, compensatory damages, or any other duty or obligation of any kind or description whether arising in law or equity, except that nothing in this Agreement shall operate to preclude Plaintiff from enforcing, or shall adversely affect his right or ability to enforce this Agreement. Similarly, Defendants release and discharge Plaintiff from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff regarding events that have occurred as of the Effective Date of this Agreement.

4. **No Admission of Wrongdoing:** This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

5. **Dismissal of the Litigation:** Plaintiff shall file, within twenty-one (21) days of receipt of the executed Settlement Agreement and payments in accordance with paragraph 1(a), a Stipulation of discontinuance with Prejudice (in the form of Exhibit A, attached hereto, which is incorporated to this agreement by reference) with the Court in this action. In the event that additional documentation is needed to terminate the Litigation, Plaintiff shall execute and submit all documents required to terminate such proceedings.

6. **Modification of the Agreement:** This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

7. **Acknowledgment:** Plaintiff acknowledges that he has been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement.

Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

8. **Notices:** Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing thereof. Notice hereunder shall be delivered to:

4

To Plaintiff:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 2020
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

PIE MASTER, INC. (d/b/a MAMA CARMELA'S)
49-14 30th Avenue
Woodside, New York 11377

PAUL BAIO
49-14 30th Avenue
Woodside, New York 11377

    9.    <u>Governing Law</u>:  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Eastern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

    10.    <u>Enforceability</u>:  If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

    11.    <u>Release Notification</u>:  Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiff acknowledges that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. **Plaintiff confirms that this Settlement Agreement and General Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.**

    12.    <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their

5

signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.

**THEREFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: 4/27/15

_____
**OCTAVIO VASQUEZ**

Dated: 4/27/15

_____
**PAUL BAIO** individually and as Owner and President of **PIE MASTER, INC. (d/b/a MAMA CARMELA'S).**

**EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

OCTAVIO VASQUEZ *individually and on behalf of others similarly situated,*

     *Plaintiff,*

  -against-

PIE MASTER, INC. (d/b/a MAMA CARMELA'S) and PAUL BAIO,

     *Defendants.*

14-CV-3180 (SJ)(JO)

**STIPULATION OF DISCONTINUANCE**

---

  IT IS HEREBY STIPULATED and agreed, by and between the undersigned attorneys for the parties, that the Complaint and any and all claims that were or could have been asserted in this action by any party are hereby dismissed in their entirety, with prejudice, and with each party to bear its own costs, expenses, disbursements, and attorneys' fees.

Date: New York, New York
    4/27/_____, 2015

_____
**PAUL BAIO** individually and as Owner and President of **PIE MASTER, INC.** (d/b/a **MAMA CARMELA'S**)
49-14 30th Avenue
Woodside, New York 11377
Tel: 718.728.2026
*ADefendants*

_____
Jesse Barton, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd. St. Suite 2020
New York, NY 10165
Tel.: 212.317.1200
*Attorneys for Plaintiff*

2

# EXHIBIT B

NEW YORK STATE SUPREME COURT
COUNTY OF NASSAU
------------------------------------------------------------X

OCTAVIO VASQUEZ *individually and on behalf of others similarly situated,*

                     *Plaintiff,*

                    -against-

PIE MASTER, INC. (d/b/a MAMA CARMELA'S) and PAUL BAIO,

                     *Defendants.*
------------------------------------------------------------X

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK    )
                             ) ss.
COUNTY OF NASSAU     )

    PAUL BAIO, being duly sworn, deposes and says:

    1.    I, PAUL BAIO, am the Chairman or Chief Executive Officer PIE MASTER, INC. (d/b/a MAMA CARMELA'S) with the principal place of business located at 49-14 30th Avenue, Woodside, New York 11377.

    2.    I reside at _28 Tarry lane levittown NY 11756_

    3.    I have authority to sign on behalf of PIE MASTER, INC. (d/b/a MAMA CARMELA'S) and I am duly authorized to make this affidavit on the undersigned entity's behalf.

    4.    Provided there shall have been an event of default in the payment of the sums due under the settlement agreement and general release dated _4/27_, 2015 (the "Settlement Agreement") signed by Plaintiff and Defendants in the above captioned proceeding and such default has continued uncured and unpaid for a period in excess of ten (10) days after notice and

4

an opportunity to cure as provided therein, then, upon submission of Plaintiff's counsel's attorney affirmation attesting to such default under oath, on behalf of PIE MASTER, INC. (d/b/a MAMA CARMELA'S), I hereby confess judgment and authorize entry of judgment against PIE MASTER, INC. (d/b/a MAMA CARMELA'S) and against myself personally in favor of Plaintiff for the sum of $33,500, <u>less any payments previously received</u> pursuant to the terms of the Settlement Agreement and General Release, together with interest from the date of the default to the date of entry of judgment, computed as provided in CPLR §§ 5001 and 5004; and reasonable attorneys' fees incurred in entering and enforcing the judgment; and post-judgment interest on the judgment as provided in CPLR §§5003 and 5004.

5. This Confession of Judgment is for a debt justly due to Plaintiff pursuant to the Settlement Agreement, and Defendants' default in payment under the Settlement Agreement.

6. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment against of each PIE MASTER, INC. (d/b/a MAMA CARMELA'S) and myself, PAUL BAIO, personally, jointly and severally, against all property, of any kind, in which any of them, collectively or individually, have any ownership interest.

_____
PAUL BAIO Individually and as Owner of PIE MASTER, INC. (d/b/a MAMA CARMELA'S)

Sworn to before me this
27 day of April of 2015

_____
Notary Public

IGNATIUS CURRAO
NOTARY PUBLIC STATE OF NEW YORK
NASSAU COUNTY
LIC. #01CU6161818
COMM. EXP. 7/31/17

5